**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                             **PLAINTIFF**

**V.**                     **CASE NO. 5:23-CR-50074-002**

**BRUCE LAMONT STRICKLAND**                                       **DEFENDANT**

**ORDER**

On March 6, 2024, Defendant Bruce Lamont Strickland was charged in a three-count Superseding Indictment with: aiding and abetting possession with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine (Count I); being a felon in possession of a firearm (Count II); and possessing a firearm in furtherance of a drug trafficking crime (Count III).

Currently before the Court is Defendant's Motion to Sever Offenses (Doc. 55), which seeks to sever Counts I and III from Count II—i.e., to try the felon in possession charge separately. Alternatively, Defendant seeks a bifurcated trial, such that Count II is tried to the same jury after it returns its verdicts on Counts I and III. Defendant previously filed a Motion to Permit Filing of Motion to Sever Offenses (Doc. 47) with a proposed motion attached, and the Government filed a Response in Opposition (Doc. 50), addressing both the motion for leave and the substance of the proposed motion to sever. After the Court granted leave, Defendant filed his Motion to Sever Offenses (Doc. 55), as proposed, and the Government filed a Response in Opposition (Doc. 63) that incorporated by reference the entirety of its arguments from Doc. 50. For the reasons that follow, the Motion to Sever Offenses (Doc. 55) is **DENIED**.

1

Federal Rule of Criminal Procedure 14(a) permits a district court to "order separate trials of counts" in cases where the "joinder of offenses . . . in an indictment . . . appears to prejudice a defendant." Where counts are properly joined under Rule 8(a)—which Defendant concedes here—"there is a strong presumption against severing" such counts. *United States v. Mink*, 9 F.4th 590, 604 (8th Cir. 2021) (quoting *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010)). The Eighth Circuit has noted that prejudice caused by the introduction of one's felon status can be appropriately mitigated by a limiting instruction, even where the jury learns some details of the underlying offenses. *United States v. Rogers*, 150 F.3d 851, 856–57 (8th Cir. 1998) (citing *United States v. Caldwell*, 97 F.3d 1063, 1068 (8th Cir. 1996)).[1]

Defendant contends that permitting evidence of his felon status at the same trial as Counts I and III will cause undue prejudice. The Government rejects this argument, explaining that the charges all arise from the same factual predicate, the Court could sufficiently alleviate any prejudice by giving a limiting instruction and that, either way, evidence of Defendant's prior felony convictions would likely be permissible under Federal Rule of Evidence 404(b).[2] The Court agrees with the Government; there are

---

[1] The Court is cognizant of Defendant's citation to *United States v. Aldrich*, 169 F.3d 526, 528 (8th Cir. 1999) (quoting *United States v. Jones*, 16 F.3d 487 (2d Cir. 1994)) for the proposition that "courts typically hold that 'joinder of an ex-felon count with other charges requires either severance, bifurcation, or some other effective ameliorative procedure.'" *Aldrich* does not demand severance in this case, however. To start, *Aldrich* involved "retroactive misjoinder," where later events rendered the initial joinder improper, which is not at issue here. *See United States v. Mink*, 9 F.4th 590, 605 (8th Cir. 2021). Moreover, the Court is not closed off to other "ameliorative" actions.

[2] On September 30, the Government filed notice of its intent to use Rule 404(b) evidence at trial to establish knowledge and intent. (Doc. 65).

several ways in which the Government may establish Defendant's prior felon status without unduly prejudicing Defendant.

First, should Defendant stipulate to his prior felon status—as the Government represents he intends to do—then the Government would not need to introduce any further evidence regarding his convictions or past crimes. In such a case, Defendant would not be unduly prejudiced because "the stipulation admitted into evidence at trial [would] not disclose the nature of the defendant's prior felony convictions, even though it [would] reveal[ ] that he had been convicted of [past] felonies." *Rogers*, 150 F.3d at 856, 857 (citing *United States v. Brown*, 70 F.3d 979, 980 (8th Cir. 1995) and *United States v. Williams*, 923 F.2d 76, 78 (8th Cir. 1991)).

Second, even if Defendant stipulated to disclosing certain details about his prior convictions, the Court can restrain the scope of information introduced to the jury. While the jury would likely learn some details about the nature of the felonies or sentences imposed, any prejudice could be adequately mitigated through liminal rulings and limiting instructions. *See id.* at 857 (finding no abuse of discretion where district court denied a motion to sever because the defendant had stipulated to disclosing the nature of the underlying felonies, the district court did not allow testimony on the prior felonies, and it gave a limiting instruction). The same is true if no stipulation were made, and the Government introduced evidence to establish Defendant's prior felony convictions. *See Caldwell*, 97 F.3d at 1068 & n.2 (holding that the government's reading of portions of the record from prior felony convictions, such that the jury learned of the nature of the offenses, the date of convictions, and the sentence imposed, was not unduly prejudicial in light of the district court's limiting instruction, but noting that it would have been less

prejudicial for the government to stipulate to the felonies without introducing evidence as to their nature).

Third, the Government has filed notice of its intent to use Rule 404(b) evidence, in which it advised the defendant that it plans to introduce evidence of two prior convictions—inferably in the form of certified copies of the conviction—as evidence of Defendant's knowledge and intent as to Counts I and III. In such a case, introduction of these prior convictions for purposes of Count II as well would not be prejudicial. *See Caldwell*, 97 F.3d at 1068 (finding no error where prior convictions used to establish unlawful firearm possession would have been admissible at trial as 404(b) evidence to prove intent and knowledge for drug trafficking count as well). The Court notes, however, that Defendant may still object to the use of 404(b) evidence, and this discussion is in no way a ruling on the Government's use of the proposed 404(b) evidence, nor is it an indication of how the Court would rule if Defendant challenges the use of 404(b) evidence.

Accordingly, the Court **DENIES** Defendant's Motion to Sever Offenses (Doc. 55) under Rule 14(a). Though the Court has yet to hold its pretrial conference—at which time the strategies and stipulations of the parties will become clearer—it sees multiple paths forward in which all three counts charged here could be tried together without causing undue prejudice to Defendant. The Court will defer its decision on bifurcation until after the pretrial conference and any potential objections by Defendant regarding the Rule 404(b) evidence.

**IT IS SO ORDERED** on this 1st day of October, 2024.

```
_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE
```